Avert, J.
This case-was before the court at the last term, and examined upon a plea put in by the defendant, that the bill was not filed in time, within the five years allowed for that purpose by our statute. But the plea was overruled on the ground that the time under the act commenced to run from the day when the decree was actually rendered, and not from the first day of the term. 17 Ohio Rep. 170.
We have now to decide whether the case made by the bill is such as to justify the decree rendered, and if so can the decree be reversed for the want of sufficient evidence to support it.
Barr, while the owner of the land, conveyed it by deed in *276 fee simple to Nolan, who afterwards executed a mortgage of the Same premises' to the vendor to secure the unpaid purchase money, went into possession, made improvements, and after re maining in possession for a number of years, agreed verbally to give up all his interest to the vendor, for the sum of one hundred dollars. In pursuance of such agreement Nolan received the consideration and gave up the possession of the land to a person authorized by the mortgagee to receive it. The person so receiving possession, remained upon the land for a time and then purchased it for a full price, from the original vendor, and took from him a deed in fee simple with covenants of seizin and warranty.
There is nothing in this statement of the case, showing any acts inconsistent with equity, either on the part of Barr, the mortgagee, who had bought in, as may be supposed, Nolan’s equity of redemption, or on the part of Urmston, the complainant in the -original bill, who may have supposed that he had taken by his purchase, the entire title to the premises. The mortgagee’s equity of redemption is not an interest that cannot be affected except by a deed duly executed. It will receive indeed as against the claim of the mortgagee and his assignee the favorable consideration of a court of equity, but.still it may be forfeited, or made to pass by decree to a bona fide purchaser of the premises. If Urmston had made only a verbal agreement to purchase of Barr and Nolan, who, together, had a perfect title to the land, and had gone into possession and occupied as he shows he has done in this case, he would, upon payment of the purchase money, have been entitled to a decree for a conveyance in fee. If Nolan had encouraged Urmston to pay off Barr, or had stood by and permitted him to purchase under a belief that he had given up his interest to Barr, a court of equity would grant relief to the purchaser, and decree to him an unincumbered title.
There is a provision in the act regulating proceedings in chancery, (Swan’s Statutes 792,) by which any person having the legal title and the possession of land, may file a petition against *277 any one setting up a claim thereto, and if the complainant es* tablishes his title to the lands, the defendant shall be decreed ■ to release his claim. Under this statute, the original bill seems evidently to have been drawn, and it is not perceived that there was any allegation omitted, which was essential to give the court ample jurisdiction, or to authorize the precise decree which was desired in the case. The statute requires a legal title. The legal title, when the condition of the mortgage is broken, as between the parties, vests in the mortgagee, and remains in him until satisfaction. 15 Ohio Rep. 786 ; 16 Ibid. 125. Barr then had the legal title, and could have maintained an action of ejectment against Nolan or any other person to recover the possession. His conveyance passed this legal title to Urmston, who then could also have obtained possession by ejectment, if it had become necessary. But having already the possession and the legal title, he could proceed no further at law, nor would he have any necessity for doing so. Against any one, however, who should in this state of things, assert a claim to the premises, he had a right to institute proceedings in equity, and on proving the claim to be unfounded, to obtain a decree for the release of such claim. He did proceed against the defendants to the original bjll, one of whom is the present complainant, because, as it appears, they set up a claim to the land; and. on the hearing upon the evidence, he obtained a decree, in which it was found and declared as follows: “ That-Barr conveyed to Nolan the premises by deed ; that Nolan re-conveyed the same premises to Barr by way of mortgage to secure three notes for an unpaid balance of purchase money, amounting to f523.53 ; that no part of the notes was piaid, but Nolan afterwards agreed to release his -right and title to the land, and give, up possession to the plaintiff Urmston on payment by Barr of one hundred dollars,” which sum was paid by Urmston on an order given on him by Barr to .Nolan, and possession was relinquished accordingly to Urmston, who .went into possession, received a conveyance from Barrj paid him. a full price for the land, and has .ever since remained in possession thereof,- *278 and is entitled to the relief sought. And thereupon it was ordered and decreed, that, within 30 days from the taking of the decree, the defendants, the heirs and widow of Nolan, should execute and deliver to Urmston a good and sufficient deed of release of all their right, title and interest in the premises, saving any right of dower acquired by said Mary Nolan under the decree set forth in her answer; and in default thereof, that the decree stand as such release ; and that the defendant be perpetually bound from setting up any claim to the premises, either at law or in equity, saving the right of dower aforesaid.
The defendant, in this bill of review, claims that the original bill contained all' the allegations required, to authorize a decree for the relief prayed for; and that the decree as above set forth, contains, within itself, all the evidence needed to support the case made in the bill. And such is the opinion of the court. The court in the 15 O. R. 313, says : “ That the exhibits and depositions are open for examination, unless the facts are found in the decree, but when they are so found, the court, on a bill of review, will only inquire whether they are sufficient, if true, to sustain the decree.” By this decree all the required facts are distinctly found by the court, and therefore without any reference to the exhibits and testimony, the decree must be sustained. But we have examined the depositions, and we find in them satisfactory evidence of all the facts stated in the decree.

The bill of review is dismissed.

Caldwell, J., having been of counsel for one of the parties, did not sit in the case.